UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER SMOLINSKI,

       Plaintiff

v.

DEBRA MISCHLONEY in her individual capacity,
DOROTHY PIOSZAK, in her individual capacity,
ALPENA COUNTY, and
ADVANCED CORRECTIONAL HEALTHCARE, INC.,

       Defendant(s).

Case No.
Hon.

_____

KEVIN S. ERNST (P44223)
HANNAH R. FIELSTRA (P82101)
**Ernst Law Firm, PLC**
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
hannah@ernstlawplc.com
_____

## COMPLAINT AND JURY DEMAND

    **NOW COMES** the above-named Plaintiff, by and through his counsel, ERNST LAW, PLC, and for his Complaint against the Defendants, states as follows:

## JURISDICTION AND VENUE

1. This is an action by Plaintiff to enforce his civil rights protected by Constitution of the United States. Plaintiff seeks relief and all damages that flow from Defendants' multiple violations of his rights, privileges, and immunities as secured by the Eighth and Fourteenth Amendments to the United States Constitution, and 42 USC §§ 1983 and 1988.

2. Jurisdiction is conferred by 28 U.S.C. §1331, as to Plaintiff's federal law claims.

3. The Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 13 U.S.C. 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as all of the events giving rise to this cause of action occurred in the Eastern District of Michigan.

## PARTIES

5. Plaintiff Christopher Smolinski, at all times relevant, was confined by the Alpena County Jail, located in Alpena, Michigan.

6. Defendant ALPENA COUNTY is a Municipal Corporation authorized by the laws of the State of Michigan to operate the Alpena County Jail. As part of its responsibilities and services, the Alpena County also operates a law enforcement agency (the Alpena County Sheriff's Department) that, among other duties and

responsibilities, operates and controls the county's Jail System, including the Alpena County Jail. At all relevant times herein, Alpena County acted under color of law and pursuant to certain customs, policies, and practices, which were the moving force behind the constitutional violations asserted herein.

7. Defendant ADVANCED CORRECTIONAL HEALTHCARE, INC. ("Advanced Correctional Healthcare") is a health care corporation organized under the laws of the State of Illinois, licensed to do business in the State of Michigan as a for-profit foreign corporation, and was doing business in Alpena County. Defendant Advanced Correctional Healthcare, Inc. provides healthcare services in the Alpena County Jail pursuant to contract. At all times relevant, it had a policy, custom or practice of deliberate indifference to the serious medical needs of inmates, of failing to provide adequate diagnostics and treatment, of failing to refer inmates off site even when Advanced Correctional Healthcare, Inc. was incapable of providing adequate diagnostics and treatment and it failed to provide adequate supervision, training and/or procedures to its employees to ensure the safety and constitutional right of the inmates to adequate medical care.

8. At all times relevant, Defendant DEBRA MISCHLONEY was, on information and belief, an employee of Alpena County and/or Advanced Correctional Healthcare, Inc. and worked as a medical professional providing healthcare services to inmates at the Alpena County Jail and was acting under color

3

of law. In her capacity as a medical professional, Defendant had a duty not to act with deliberate indifference to Mr. Smolinski's serious medical needs. Defendant observed and/or examined and/or treated Mr. Smolinksi at the Alpena County Jail as a medical professional and charted his deteriorating condition and worsening symptoms of infection and failed to provide Mr. Smolinski the proper and obvious medical care of which he was in desperate need. She is sued in her individual capacity.

9. At all times relevant, Defendant DOROTHY PIOSZAK was, on information and belief, an employee of Alpena County and/or Advanced Correctional Healthcare, Inc. and worked as a medical professional providing healthcare services to inmates at the Alpena County Jail and was acting under color of law. In her capacity as a medical professional, Defendant had a duty not to act with deliberate indifference to Mr. Smolinski's serious medical needs. Defendant observed and/or examined and/or treated Mr. Smolinksi at the Alpena County Jail as a medical professional and charted his deteriorating condition and worsening symptoms of infection and failed to provide Mr. Smolinski the proper and obvious medical care of which he was in desperate need. She is sued in her individual capacity.

## FACTS

10. In May of 2020, Plaintiff was incarcerated at Alpena County Jail.

4

11. On the intake screening he completed on May 13, 2020, he indicated a history of infectious diseases and a right foot injury that had become infected. He also added that he had a sore on his right foot that was draining fluids.

12. While incarcerated, he began experiencing severe pain, bleeding and signs of infection due to a previous recurring post-surgical wound on his right ankle.

13. On June 16, 2020, Mr. Smolinski notified the jail nurse that he needed to be seen "ASAP" for his ankle wound, medication for his pain, and more bandages.

14. On June 17, 2020, Mr. Smolinski was seen by Defendant Mischloney, who noted that his ankle had yellow-ish discharge two days prior, that Mr. Smolinski had pain in his right ankle and calf, and that the wound would swell and split open.

15. Defendant Michloney's assessment, per Defendant Pioszak, was a right ankle lateral ulcer.

16. Defendant Michloney advised Mr. Smolinski to use diclofenac gel[1] once per day. She also advised him to eat a high protein diet for two weeks and alternate between ibuprofen and Tylenol.

17. On June 21, 2020, Mr. Smolinski advised the jail nurse that his open wound had gotten worse, that it was bigger, the wound burned, and his foot was swollen, bruised, and numb. He further indicated that he was getting headaches and

---

[1] Diclofenac is a topical solution used to treat pain and swelling typically caused by arthritis and is not commonly used to treat infections.

5

that he felt sleepy.  Mr. Smolinksi also added that he thought something was "really wrong" and he was scared.

18. On June 22, 2020, Mr. Smolinski was seen by Defendant Michloney, who noted a clear fluid was leaking from the wound.  Her assessment was that per Defendant Pioszak, the wound needed to be cleaned. An appointment was made for Mr. Smolinski to be seen at the Wound Clinic on June 25, 2020.

19. On June 26, 2020, Mr. Smolinski was seen at the Wound Clinic at MidMichigan Health through the University of Michigan.

20. He explained to Dr. Straley at the Wound Clinic that his wound opened one to two weeks prior and he experiences pain at the site.

21. Mr. Smolinski was advised that he needed to change the dressing every three days with foam.

22. Mr. Smolinski was seen for follow-up at the Wound Clinic on July 2, 2020.  He was again instructed that he needed to clean and change the dressing every three days.

23. On July 9, 2020, he was seen again for follow-up at the Wound Clinic.  At that time, he had periwound maceration.  He only had a band-aid on because appropriate dressings were not available to him while in Alpena County Jail.

24. In August of 2020, Mr. Smolinski was referred to a specialist for continued care, as the infection continued to worsen and osteomyelitis was

6

suspected. That referral and further care was denied while he was incarcerated and his infection continued to worsen.

25. After being released from Alpena County Jail, the infection in Plaintiff's ankle continued to worsen and Mr. Smolinski underwent another surgery in November of 2020 because of the delay and subsequent refusal of treatment while he was incarcerated.

26. Since being released, Mr. Smolinksi has undergone several surgeries to his ankle, including an amputation because of the delay and subsequent refusal of treatment while he was incarcerated.

## COUNT I
## 42 U.S.C. §1983
## VIOLATION OF THE FOURTEENTH AMENDMENT

27. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

28. Mr. Smolinski was entitled to all rights, privileges and immunities accorded to all incarcerated citizens of the State of Michigan and the United States.

29. At all times relevant, Defendants were acting within the course and scope of their employment with Advanced Correctional Healthare and/or the Alpena County Jail and were acting under color of state law with the authority granted to them as corrections officers or correctional health care providers and/or managers and/or shift supervisors.

30. Pursuant to the Fourteenth Amendment of the United States Constitution, Mr. Smolinski had a right to be free from cruel and unusual punishment while under the custody and control of the Alpena County Jail.

31. At all relevant times, Mr. Smolinski had a right to adequate and sufficient medical care and/or treatment for his obvious and serious medical conditions so that he would not be subjected to needless unjustified and preventable pain, suffering and deterioration of his health and well-being.

32. At all times, Defendants, with malice, recklessness and/or deliberate indifference, kept Mr. Smolinski in custody without adequate and proper medical care.  Further, despite Mr. Smolinski's repeated complaints of serious physical pain and illness, Defendants ignored Mr. Smolinski's obvious medical needs and provided no treatment or such cursory treatment as to amount to no treatment at all. This deliberate indifference combined in whole or in part to cause, pain, suffering, and deterioration of health, all of which took place over the course of several weeks.

33. Mr. Smolinski's health and well-being deteriorated to the point that he required several subsequent surgeries after he was finally released, as a result of the complete lack of treatment for his serious infection which was objectively obvious based on his physical symptoms which would have made the infection obvious to any similarly situated medical professional such as Defendants.

34. During the time that Mr. Smolinski's health continued to deteriorate, the Defendants, pursuant to the Fourteenth Amendment, were required to provide and/or obtain adequate medical care for the Defendant's obvious and serious medical condition.

35. However, to the contrary, the Defendants acted with malice, recklessness and/or deliberate indifference when they failed to provide or obtain care or treatment that was necessary.

36. The actions and/or omissions of the various Defendants constitute a deliberate indifference to the serious medical needs of Mr. Smolinski and demonstrated a reckless, willful and/or wanton disregard for the health and safety of Mr. Smolinski in violation of the Fourteenth Amendment.

37. As a direct and proximate result of the actions and/or omissions of the various Defendants, Mr. Smolinski suffered great physical pain, emotional distress, discomfort, humiliation, degradation, and suffering.

38. By the aforementioned actions and/or omissions, Defendants have deprived Mr. Smolinski of the rights secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE Plaintiff respectfully requests compensatory non-economic and economic damages, including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. §§1983 and 1988 and/or the laws of

the State of Michigan, punitive damages, reasonable attorney fees, costs and interest, and such other relief as appears reasonable and just under the circumstances.

## COUNT I
## 42 U.S.C. §1983
## VIOLATION OF THE EIGHTH AMENDMENT

39. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

40. Mr. Smolinski was entitled to all rights, privileges and immunities accorded to all incarcerated citizens of the State of Michigan and the United States.

41. At all times relevant, Defendants were acting within the course and scope of their employment with Advanced Correctional Healthcare and/or the Alpena County Jail and were acting under color of state law with the authority granted to them as corrections officers or correctional health care providers and/or managers and/or shift supervisors.

42. Pursuant to the Eighth Amendment of the United States Constitution, Mr. Smolinski had a right to be free from cruel and unusual punishment while incarcerated and under the custody and control of the Alpena County Jail.

43. At all relevant times, Mr. Smolinski had a right to adequate and sufficient medical care and/or treatment such that he at all times would be free from needless unjustified and preventable pain, suffering and deterioration of his health and well-being.

44. At all times, Defendants, with malice, recklessness and/or deliberate indifference. The aforementioned combined in whole or in part to cause, pain, suffering, and deterioration of health to Mr. Smolinski.

45. At all times, Defendants, with malice, recklessness and/or deliberate indifference, kept Mr. Smolinski in custody without adequate and proper medical care. Further, despite Mr. Smolinski's repeated complaints of serious physical pain and illness, Defendants ignored Mr. Smolinski's obvious medical needs and provided no treatment or such cursory treatment as to amount to no treatment at all. This deliberate indifference combined in whole or in part to cause, pain, suffering, and deterioration of health, all of which took place over the course of several weeks.

46. Mr. Smolinski's health and well-being deteriorated to the point that he required several subsequent surgeries after he was finally released, as a result of the complete lack of treatment for his serious infection which was objectively obvious based on his physical symptoms which would have made the infection obvious to any similarly situated medical professional such as Defendants.

47. During the time that Mr. Smolinski's health continued to deteriorate, the Defendants, pursuant to the Eighth Amendment, were required to provide and/or obtain adequate medical care for the Defendant's obvious and serious medical condition.

48. However, to the contrary, the Defendants acted with malice, recklessness and/or deliberate indifference when they failed to provide or obtain care or treatment that was necessary.

49. The actions and/or omissions of the various Defendants constitute a deliberate indifference to the serious medical needs of Mr. Smolinski and demonstrated a reckless, willful and/or wanton disregard for the health and safety of Mr. Smolinski in violation of the Eighth Amendment.

50. As a direct and proximate result of the actions and/or omissions of the various Defendants, Mr. Smolinski suffered great physical pain, emotional distress, discomfort, humiliation, degradation, and suffering.

51. By the aforementioned actions and/or omissions, Defendants have deprived Mr. Smolinski of the rights secured by the Eighth Amendment to the United States Constitution.

WHEREFORE Plaintiff respectfully requests compensatory non-economic and economic damages, including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. §1983 and/or the laws of the State of Michigan, punitive damages, reasonable attorney fees, costs and interest, and such other relief as appears reasonable and just under the circumstances.

### COUNT III
### *Monell* Claim
### (As to Defendant Advanced Correctional Healthcare)

52. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

53. Mr. Smolinski was subjected to a deprivation of a clearly established, constitutionally protected right and privilege secured by the Fourteenth and Eighth Amendments to the Constitution of the United States, which was his right to be free from cruel and unusual punishment while detained.

54. The deprivations proximately caused by the Advanced Correctional Healthcare medical professionals resulted from the customs, policies, and established practices of Advanced Correctional Healthcare and by its failure to properly train its employees.

55. During the time Mr. Smolinski was incarcerated at Alpena County Jail, Defendant Advanced Correctional Healthcare's policy makers and other decision-making officials acted with deliberate indifference to the medical needs of Mr. Smolinski.

56. During the time Mr. Smolinski was incarcerated at Alpena County Jail, Defendant Advanced Correctional Healthcare's policy makers and other decision-making officials adopted a custom, policy, and/or practice of ignoring substantial risks of serious harm to inmates in favor of cursory treatment, no treatment at all or deliberately choosing less efficacious treatment because it was more convenient and less expensive.

57. During the time Mr. Smolinski was incarcerated at Alpena County Jail, Defendant Advanced Correctional Healthcare's policy makers and other decision-making officials failed to properly train and supervise its employees or contractors to monitor and address inmate' serious medical conditions and provide proper diagnostics and treatment. Defendant Advanced Correctional Healthcare was on notice of the acts and misconduct of its employees or contractors involving Mr. Smolinski and its failure to properly train and supervise its employees or contractors amounted to deliberate indifference to the rights of Mr. Smolinski.

58. During the time Mr. Smolinski was incarcerated at Alpena County Jail, Defendant Advanced Correctional Healthcare's policy makers and other decision-making officials at adopted a custom, policy, practice of failing to refer inmates for necessary off-site medical treatment and diagnostics despite the obvious need for off-site treatment and diagnostics which Advanced Correctional Healthcare did not have the capability to provide, and failing to refer inmates for hospitalization or proper medical evaluation, including Mr. Smolinski.

59. As a direct and proximal result of the unconstitutional acts and omissions of Defendant Advanced Correctional Healthcare, Mr. Smolinski sustained the serious injuries herein described.

### COUNT IV
### *Monell* Claim
### (As to Defendant Alpena County)

60. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

61. Mr. Smolinski was subjected to a deprivation of a clearly established, constitutionally protected right and privilege secured by the Fourteenth and Eighth Amendments to the Constitution of the United States, which was his right to be free from cruel and unusual punishment while detained.

62. The deprivations proximately caused by the Alpena County Jail corrections officers resulted from the customs, and established practices of Alpena County and by its failure to properly train its employees.

63. During the time Mr. Smolinski was incarcerated at Alpena County Jail, Alpena County policy makers and other decision-making officials acted with deliberate indifference to the medical needs of Mr. Smolinski.

64. During the time Mr. Smolinski was incarcerated at Alpena County Jail, Defendant Alpena County's policy makers and other decision-making officials adopted a custom, policy, and/or practice of ignoring substantial risks of serious harm to inmates in favor of cursory treatment, no treatment at all or deliberately choosing less efficacious treatment because it was more convenient and less expensive.

65. During the time Mr. Smolinski was incarcerated at Alpena County Jail, Defendant Alpena County's policy makers and other decision-making officials

failed to properly train and supervise its employees or contractors to monitor and address inmate' serious medical conditions and provide proper diagnostics and treatment. Defendant Alpena County was on notice of the acts and misconduct of its employees or contractors involving Mr. Smolinski and its failure to properly train and supervise its employees or contractors amounted to deliberate indifference to the rights of Mr. Smolinski.

66. During the time Mr. Smolinski was incarcerated at Alpena County Jail, Defendant Alpena County's policy makers and other decision-making officials at adopted a custom, policy, practice of failing to refer inmates for necessary off-site medical treatment and diagnostics despite the obvious need for off-site treatment and diagnostics which Alpena County did not have the capability to provide, and failing to refer inmates for hospitalization or proper medical evaluation, including Mr. Smolinski.

67. As a direct and proximal result of the unconstitutional acts and omissions of Defendant Alpena County, Mr. Smolinski sustained the serious injuries herein described.

WHEREFORE Plaintiff respectfully requests a judgment awarding compensatory non-economic and economic damages, including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. §§ 1983 and 1988 and the laws of the State of Michigan, punitive damages, reasonable

attorney fees, costs and interest, and such other relief as appears reasonable and just under the circumstances.

            Respectfully Submitted,


            <u>/s/ *Hannah R. Fielstra*</u>
            KEVIN ERNST (P44223)
            HANNAH R. FIELSTRA (P82101)
            Ernst Law Firm, PLC
            645 Griswold, Suite 4100
            Detroit, MI 48226
            (313) 965-5555 / (313) 965-5556
            kevin@ernstlawplc.com
            hannah@ernstlawplc.com

Dated: April 28, 2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CHRISTOPHER SMOLINSKI,

        Plaintiff

v.

DEBRA MISCHLONEY in her individual capacity,
DOROTHY PIOSZAK, in her individual capacity,
ALPENA COUNTY, and
ADVANCED CORRECTIONAL HEALTHCARE, INC.,

        Defendant(s).

Case No.
Hon.

_____

KEVIN S. ERNST (P44223)
HANNAH R. FIELSTRA (P82101)
**Ernst Law Firm, PLC**
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
hannah@ernstlawplc.com
_____

## JURY DEMAND

    Plaintiff hereby requests a trial by jury in the above-captioned matter.

    Respectfully Submitted,

    /s/ *Hannah R. Fielstra*
    KEVIN ERNST (P44223)
    HANNAH R. FIELSTRA (P82101)
    Ernst Law Firm, PLC

                                                  645 Griswold, Suite 4100
                                                  Detroit, MI 48226
                                                  (313) 965-5555 / (313) 965-5556
                                                  kevin@ernstlawplc.com
                                                  hannah@ernstlawplc.com

Dated: April 28, 2023